IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DEBORAH WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. _____ |
| | ) |
| ELECTROLUX HOME PRODUCTS, INC, | ) JURY DEMAND |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, and alleges the following in her cause of action against Defendant: <u>Count One</u> - Violations of the Age in Employment Discrimination Act; <u>Count Two</u> - Americans with Disability Act.

## JURISDICTION AND VENUE

1. This action is brought under the Civil Rights Act of 1991, the Americans with Disability Act, and the Age Discrimination in Employment Act;

2. This Court has jurisdiction under 28 U.S.C. 1334 to hear Plaintiff's claims arising under the Constitution and laws of the United States.

3. This Court has jurisdiction under 28 U.S.C. 1343(4) to hear Plaintiff's claims to recover damages and to secure equitable relief under any Act of Congress providing for the protection of civil rights.

5. Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

## PARTIES

6. Plaintiff, Deborah Williams, is a resident of Robertson County, Tennessee.

7. Defendant, Electrolux Home Products, Inc., is a Delaware Corporation doing business in the State of Tennessee at 1100 Industrial Drive, Springfield, Tn. 37172, and can be sued through its registered agent CT Corporation System, 800 South Gay Street, Knoxville, Tn. 37929.

## GENERAL FACTUAL ALLEGATIONS

8. Plaintiff was a female employee of Defendant and was fifty three (53) years of age at the time of her discharge.

9. The Defendant is a corporation that manufactures electric and gas ranges.

10. Plaintiff was hired in 1976 as a laborer.

11. During her career with Defendant, Plaintiff performed all of her job duties above the expectations of her employer. Plaintiff was originally paid $2.76 per hour when hired but rose to $14.55 per hour at the time of her discharge.

12. During her employment, Plaintiff suffered multiple injuries to her back causing debilitation. In 1994 or 1995, Plaintiff injured her back working in the "repair hole" where she was tasked with repairing defects in ranges. Pursuant to her worker's compensation claim, Plaintiff received a monetary settlement with lifetime medicals.

13. In or about 1998 Plaintiff was diagnosed with carpal tunnel syndrome in both of her arms and hands. Plaintiff reported this to Defendant. In or about 2002 or 2003, Plaintiff was diagnosed with severe degenerative disk disease in her neck. Plaintiff reported this to Defendant.

14. These conditions continually caused significant pain for Plaintiff in the execution of her job duties. These disabling conditions also substantially limited Plaintiff in major life activities. Plaintiff was disabled under the ADA or perceived to be disabled by the Defendant. Plaintiff

2

requested an accommodation, but was only given the option of taking a lower paying position within the company in or about 2004 or 2005.

15. Plaintiff took the lower paying position. This position created pain and debilitation in her back, neck, hands and arms for which she continually complained to Defendant up until her termination.

16. On August 9, 2011, Plaintiff was terminated from her position for allegedly threatening another employee. This was a false allegation.

17. Furthermore, throughout her thirty five years with Defendant, Plaintiff has witnessed younger non-disabled employees engage in the same if not worse conduct and not be terminated.

18. Plaintiff's termination was motivated by her disability. Alternatively, Plaintiff was terminated because of her age.

19. Plaintiff filed her EEOC Charge and was issued her Right to Sue letter.

## COUNT ONE

### Violations of the Age in Employment Discrimination Act

20. The conduct described herein constitutes unlawful discriminatory practices on the part of Defendant in violation of the Age Discrimination in Employment Act.

21. Defendant is a "person" as defined by the Age Discrimination in Employment Act.

22. Defendant did segregate or classify Plaintiff based upon her age in a way that would tend to deprive her of employment opportunities or otherwise adversely affect her status as an employee.

3

23. Defendant's decision to terminate Plaintiff and treat her less favorably than her younger counterpart resulted from a knowing and intentional pattern of discrimination in violation of the Age Discrimination in Employment Act.

24. As a direct and proximate result of Defendant's violation of the Age Discrimination in Employment Act, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

## COUNT TWO

### Violations of the Americans with Disability Act ("ADA")

25. The conduct described herein constitutes unlawful discriminatory practices on the part of Defendant in violation of the Americans with Disability Act and Tennessee Handicap Act.

26. Defendant is a "person" as defined by the Americans with Disability Act or was perceived to be disabled by Defendant.

27. Defendant did segregate or classify Plaintiff based upon her disability in a way that would tend to deprive her of employment opportunities or otherwise adversely affect her status as an employee.

28. Defendant's decision to terminate Plaintiff and treat her less favorably than her non-disabled counterparts resulted from a knowing and intentional pattern of discrimination in violation of the Americans with Disability Act.

29. As a direct and proximate result of Defendant's violation of the Americans with Disability Act, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

WHEREFORE, Plaintiff prays:

1. For a jury to be empanelled and a judgment of compensatory damages to include front pay, back pay and emotional suffering;

2. Punitive damages;

3. Attorney's fees and the cost of litigation to include expert fees;

4. Damages for humiliation and embarrassment;

5. All other remedies and injunctions as are necessary and proper to eliminate the discriminatory practices of Defendant;

6. A judgment against Defendant for prejudgment interest; and

7. Such other relief as this Court deems proper.

Respectfully submitted,

**ANDY L. ALLMAN & ASSOCIATES**

/s/ Andy L. Allman
Andy L. Allman, BPR. No. 17857
103 Bluegrass Commons Blvd
Hendersonville, Tennessee 37075
Phone: (615) 824-3761
andylallman@comcast.net